### HUSTON v. SCARBOROUGH et al.
### (No. 2266.)

(Court of Civil Appeals of Texas. Texarkana. April 29, 1920. Rehearing Denied May 13, 1920.)

1. **Appeal and error** ⟐⟐1001(1)—**Verdict supported by evidence cannot be set aside.**

Where appellate court cannot say that verdict is not supported by evidence, the verdict will not be set aside.

2. **Appeal and error** ⟐⟐1060(3) — **Argument unsupported by testimony to which objection was not sustained held reversible.**

In an action to recover a deposit to secure performance of a contract to convey land, where there was evidence that vendor had placed a tenant in possession, but no evidence as to the terms of possession, an argument by plaintiffs' attorney that the tenant had been placed in possession to defeat plaintiffs' rights, and that the tenant had been summoned as a witness and was then in court, but had not been put on the stand because he would testify to that effect, to which argument defendant objected, but was not sustained by the court, requires reversal of the judgment for plaintiffs.

Error from Anderson County Court; Mills Q. Reeves, Judge.

Action by L. D. Scarborough and others against H. M. Huston. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

· N. B. Morris, of Palestine, for plaintiff in error.

Miller & Miller, of Athens, and A. G. Greenwood, of Palestine, for defendants in error.

HODGES, J. In November, 1907, Huston, the plaintiff in error, and Lockwood, one of the defendants in error, entered into a written contract whereby Huston agreed to sell and Lockwood agreed to purchase a tract of land described in the pleadings, upon the following terms: Lockwood was to pay $1,000 in cash and secure a loan of $3,000 through John W. Easterwood and pay the same over to Huston; he was then to execute five notes, payable upon different dates, aggregating $3,650. Those notes were to be secured by a second lien on the land sold. Huston agreed to furnish an abstract of title and allow Lockwood 60 days within which to have it examined by an attorney. If the title was accepted the trade was to be binding upon both parties. As an evidence of good faith, and in part performance of the contract, each party deposited $500 in cash with the First State Bank of Frankston, Tex. The condition attending that deposit was that if either party defaulted in performing his part of the contract the bank was to pay the deposits over to the other party. This contract was made through the agency of John W. Easterwood and L. D. Scarborough. On January 1, 1918, Scarborough and Lockwood met Huston by agreement in Frankston, for the purpose of closing up the trade. According to Scarborough and Lockwood, Huston refused to comply with his part of the contract by making the necessary deed to pass title to the land. This suit was instituted by them to recover the amount of money deposited by Lockwood with the bank, and also the deposit made by Huston, their contention being that Huston had defaulted in the performance of his part of the contract. There is conflict in the testimony as to who was responsible for the failure of the parties to close the trade according to the terms of the written contract. In a trial before a jury, judgment was rendered for the plaintiffs in the suit for the $1,000 sued for.

[1] In this appeal several assignments are presented which question the sufficiency of the evidence to support the verdict of the jury. The testimony offered by the defendants in error tended to show that when Lockwood demanded the deed Huston arbitrarily refused to execute it and declined to proceed any further with the trade. Huston testified that he did not refuse to comply with his part of the agreement, but that the defendants in error demanded that he accept as a part of the cash payment a draft on John W. Easterwood; that he refused to do this, but expressed a willingness to make the deeds if the defendants in error would pay him the $4,000 in cash which the contract called for. He was corroborated in this by two other witnesses. But the state of the evidence was such we cannot say the verdict was unsupported.

[2] The only other assignment which we deem it necessary to consider is that which complains of the language used by the attorney for the defendants in error in closing argument to the jury. The bill of exception which presents that question is as follows:

"When the plaintiff's attorney, E. P. Miller, was making his closing address to the jury he told the jury that H. M. Huston placed a tenant on the premises in question on the last day of December for the purpose of assisting him in breaching the contract on the first day of January; that he [the lawyer] could now hear the wagon rapidly going down the road in post haste to take possession of the premises. The said attorney pointed to a gentleman in the audience and said, 'There is the tenant. They brought him here as a witness. They were afraid to put him on the stand because they know that he would swear to the facts that I have just stated.'"

Counsel for plaintiff in error promptly objected to those remarks, and asked the court to instruct the jury not to consider them; but the court refused to give the requested instructions, and made no ruling whatever. We are of the opinion that the language used was improper and prejudicial to the plaintiff in error. That it was intended to influence the jury is evident from the fact that it was used in the closing argument. There was no testimony showing that the man referred to had been summoned as a witness in the case. On cross-examination Huston admitted that a tenant had been placed in the house, but there was no evidence as to when he had been placed there, what his tenure of occupancy was to be, or for what purpose he was placed there. The statement made by the attorney, if true, tended to show that Huston had entered into an agreement with the tenant for the purpose of preventing Lockwood from getting possession of the premises. We think the language used, and the circumstances under which it went to the jury, was calculated to improperly influence them in deciding the vital issue in the case against the plaintiff in error.

The remaining assignments are overruled. For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.